UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:06CV-34-M

**JASON LEE TABOR**                                                     **PETITIONER**

v.

**TOM SIMPSON, Warden**                                            **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner's motion to alter or amend (DN 22) the Court's January 4, 2007, Order denying the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 and denying a certificate of appealability ("COA") as to all issues. For the reasons that follow, the motion will be denied.

Petitioner brings his motion pursuant to Federal Rules of Civil Procedure 59(a)(2), 59(e) and 60(b)(1). As the instant action never went to trial, Rule 59(a)(2), which is a request for new trial, is inapplicable. A Rule 59(e) motion to alter or amend may be granted only "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). A Rule 59(e) motion, however, "is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Finally, under Rule 60(b)(1), a court may relieve a party from a final order on the bases of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "[R]elief will not be granted under Rule 60(b)(1) merely because a party is unhappy with the judgment." 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2858 (2d. ed.).

In his motion to alter or amend, Petitioner raises two arguments. Petitioner first argues that the Court failed, "by de novo review, to address and distinguish the objections specifically presented to the legal questions, and why those objections do not qualify the relief petitioner seeks." The Court, however, in accordance with 28 U.S.C. § 636(b)(1),[1] did make a de novo determination of those portions of the report, specific findings and recommendation, to which the petitioner objected. Indeed, in its January 4, 2007, Order, the Court specifically indicated that it fully considered Petitioner's objections. *See* DN 21, Order dated Jan. 4, 2007 ("The above matter having been referred to the United States Magistrate Judge, who has filed his Findings of Fact and Conclusions of Law, objections having been filed thereto, and *the Court having considered the same*, adopts the Findings of Fact and Conclusions of Law as set forth in the report submitted by the United States Magistrate Judge.") (emphasis added). This is all that is required. *Baidas v. Jenifer*, 123 Fed. Appx. 663, 668 (6th Cir. 2005) ("Although this court 'strongly recommend[s] that district courts put on the record at least brief statements in support of their decisions to overrule objections to a magistrate judge's report and recommendation,' this is not a per se requirement.") (quoting *Senter v. Sullivan*, No. 91-6222, 1992 WL 238268, at *2 (6th Cir. Sept. 25, 1992)). "Without persuasive indication otherwise, the district court's statement that it had reviewed the objections sufficiently establishes that the review conducted was de novo." *Baidas*, 123 Fed. Appx. at 668. "Simply because [Petitioner] is unsatisfied with the outcome does not mean that the district court failed to review the entire record." *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005) (concluding that district court conducted

---

[1] Section 636(b)(1) provides, in pertinent part, that "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

proper review of magistrate judge's report and recommendation, where court's order indicated that "it 'considered de novo all of the filings'").

As his second claim of error, Petitioner asserts that "the well reasoned jurists of the Sixth Circuit, [] in Bell v. Bell, 460 F.3d 739 (6th Cir. 2006),[2] have rejected the position that this court has taken against petitioner denying habeas relief." For this reason, he asks the Court to issue a COA as to the *Brady* issue. This is all he argues; no elaboration is provided. The Court notes that Petitioner did reference *Bell* in his objections, but at the time he relied on that decision, it had already been vacated and was not controlling. In any event, the Court already rejected the *Bell* argument in considering Petitioner's objections to the magistrate judge's report and recommendation, and Petitioner, in his current motion to alter or amend, has raised no additional arguments with respect to the applicability of the *Bell* decision to his situation.

For the reasons set forth more fully above, the extraordinary relief requested by Petitioner is unwarranted. **IT IS THEREFORE ORDERED** that Petitioner's motion to alter or amend (DN 22) is **DENIED**.

The Court is satisfied that no jurists of reason would find its decision to deny Petitioner's motion to be debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Accordingly, **IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. § 2253(c) is **DENIED**.

---

[2]In *Bell*, the Sixth Circuit concluded that "if a petitioner proves that a witness approached the prosecution to testify with the expectation of some benefit, and that the prosecution understood this expectation and fulfilled the expectation by actually bestowing some benefit, the petitioner has sufficiently demonstrated a tacit agreement that must be disclosed under *Brady* [*v. Maryland*, 373 U.S. 83 (1963)]." *Bell*, 460 F.3d at 754. That holding, however, is no longer binding on this Court because on December 15, 2006, the Sixth Circuit vacated its decision in *Bell* and granted a petition for rehearing en banc. An en banc decision has yet to be issued.

The Court **certifies** that an appeal of this case would not be taken in good faith. Further requests to appeal *in forma pauperis* should be directed to the Sixth Circuit Court of Appeals in accordance with Fed. R. App. P. 24.

There being no just reason for delay in its entry, this is a final Order.

Date:

cc:     Petitioner, *pro se*
        Counsel of Record
4414.005